**HOUSEHOLD FINANCE COMPANY, a corporation, and Richard Burrell, Appellants,**

v.

**Eva SHAMLEY, Appellee.**

No. 2140.

Municipal Court of Appeals for the District of Columbia.

Argued Feb. 3, 1958.

Decided April 7, 1958.

Rehearing Denied April 18, 1958.

---

Cornelius H. Doherty, Washington, D. C., for appellants.

Donald J. Caulfield, Washington, D. C., with whom Bond L. Holford, Washington, D. C., was on the brief, for appellee.

Before ROVER, Chief Judge, and HOOD and QUINN, Associate Judges.

PER CURIAM.

Appellee, the operator of an automobile involved in a collision, sued appellants for personal injuries and the jury awarded her damages of $375. This appeal raises the question of whether the court erred in denying a motion for a directed verdict made at the close of all the evidence. Appellants offered in evidence a release executed by appellee and two checks totaling $75 cashed by her which they contend barred recovery. Appellee testified that the release was obtained from her by fraud and misrepresentation shortly after the collision; that appellants' agent who prepared the release told her that it covered property damage only, and that the question of personal injuries was left pending. The adjuster who obtained the release was present at trial but was not called as a witness for appellants.

 Appellants' position is that the appellee's evidence was insufficient to establish fraud which would vitiate the release. The general rule is that a release may be avoided where it is obtained as the result of a misrepresentation with respect to the nature or extent of the claim covered by it, and where the failure of the releasor to become informed as to the exact nature of the release before he signed it is not attributable to his negligence.[1] A careful review of appellee's uncontradicted testimony has convinced us that it was sufficient to raise jury questions on all these points, and thus the judge acted correctly in denying appellants' motion.

Affirmed.

1. Annotation, 164 A.L.R. 402.